IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJOR COMMUNICATIONS, INC., a California corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>CLK GROUP INC. et al.,<br><br>  Defendants. | Case No.: 2:14-cv-06690-BRO-JEM<br><br>Beverly Reid O'Connell<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER** |

Plaintiff Major Electronics, Inc. ("Major") and Defendants CLK Group, Inc. ("CLK"), Ken Heng ("Heng"), and Tho Hai Duong aka Richie Duong ("Duong"; together with CLK and Heng, "Defendants"), recognizing that each may have materials containing trade secret or other confidential research, technical, cost, price, sales, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), have agreed to the terms of the Protective Order ("Order") as set forth below.  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

## GOOD CAUSE STATEMENT

Good cause exists for this Court to enter the Stipulated Protective Order because disclosure of the parties' confidential information could harm the parties financially and allow competitors to gain unfair advantage.  For example, competitors could gain an unfair advantage over the parties if they learn the parties' confidential information, such as financial information, sales information, business and marketing strategies, or information concerning the parties' internal business operations.  Such information could allow others to unfairly compete in the market and usurp the parties' business opportunities, to the detriment of the parties.  Good cause further exists in that this Stipulated Protective Order will allow for the parties to disclose documents that may be required for the litigation of this matter without suffering an economic and business detriment that would result from the disclosure of confidential information to the parties' competitors and/or to the public.

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1.  This Order shall apply to all information produced during discovery in this action that shall be designated by the party or person producing

it as "Confidential" or "Confidential-Attorneys' Eyes Only" (collectively "Confidential Information"). This Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order.

2. This Order shall not govern the use of Confidential Information at trial or at other court hearings or proceedings. Any use of Confidential Information at trial or at other court hearings or proceedings shall be governed by the orders of the trial judge or judicial officer conducting the proceeding at the appropriate time.

3. The terms of this Order do not apply to the Court or Court personnel, as they are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material lodged or filed under seal.

4. If a document or thing produced in response to a document request or in connection with a deposition, interrogatory answer, or admission (collectively "discovery response"), or if a deposition transcript contains information that in the good faith belief of a party and its counsel contains confidential information, such discovery response, or deposition transcript shall be designated "Confidential" or "Confidential-Attorneys' Eyes Only" by the party contending there is confidential information therein.

5. In connection with a discovery response, the legend "Confidential" or "Confidential-Attorneys' Eyes Only" (in such a manner as will not interfere with the legibility thereof) shall be affixed before the production or service upon a party.

6. As a general guideline, a document may be designated "Confidential" when it contains confidential business, technical or other information that may be reviewed by the receiving party, the parties' experts, and other representatives, but must be protected against disclosure to third parties. A document may be designated "Confidential-Attorneys' Eyes Only" only when it contains the following highly sensitive information: financial information; cost information; pricing information; sales information; trade secret information; customer, license, supplier, and vendor information; technical and development information about a party's products; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the receiving party or third parties.

7. All Confidential Information that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party. For information designated "Confidential-Attorneys' Eyes Only," such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

8. All documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorneys Eyes Only" only if labeled or marked in conformity

with paragraph 4, with access and dissemination limited as set forth in paragraphs 12-14.

9. Information disclosed at a deposition may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" at the time of the deposition, or within fourteen (14) days following receipt of the final transcript, and upon designation shall be subject to the provisions of this Order. Additional information disclosed during a deposition may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by notifying the other party, in writing, within fourteen (14) days after receipt of the final transcript, of the specific pages of the transcript that should also be so designated. Upon designation, the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraphs 12-14 to review documents or materials designated "Confidential-Attorneys' Eyes Only" on behalf of that non-designating party.

10. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Confidential-Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.

11. As used in this Order, "Trial Counsel" refers to the following:

(a) For Plaintiff: The attorneys, paralegals, agents, and support staff of Leech Tishman Fuscaldo & Lampl (or its successor), but shall not include any current or former officer, director, or employee of Major.

(b) For Defendant: The attorneys, paralegals, agents, and support staff of Lynberg & Watkins (or its successor), but shall not include any current or former officer, director, or employee of any Defendant.

  (a) Others:  Such additional attorneys as may be ordered by the Court, or subsequently may be agreed upon by the parties, such agreement not to be unreasonably withheld.

  12. Material designated as "Confidential-Attorneys' Eyes Only" that has been obtained from a party or non-party during the course of this proceeding may be disclosed or made available only to the persons designated below, subject to paragraph 14:

  (a) the Court and court personnel;

  (b) court reporters employed in this action;

  (c) Trial Counsel for either party;

  (d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain Confidential Information;

  (e) independent experts or consultants (together with their clerical staff) retained by Trial Counsel to assist in the prosecution, defense, or settlement of this action;

  (f) authors and prior recipients of any Confidential Information;

  (g) witnesses during any deposition or other proceeding in this action (i) who are the author or recipient of the Confidential Information, (ii) who, based on evidence, have seen the material in the past, or (iii) who counsel for a party reasonably believes have knowledge of the contents of the document or the specific events, transactions, discussions, or data reflected in the document, and upon the witness being advised of the need and agreeing to keep the records confidential; and

      (h)    any other persons as to whom the parties agree in writing.

13. Material designated as "Confidential" that has been obtained from a party or nonparty during the course of this proceeding may be disclosed or made available only to those persons identified in paragraph 12 and to the persons designated below, subject to paragraph 14:

      (a)    No more than three officers, directors, or designated employees of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action.

14. Each person identified under paragraphs 12(d)-(g) and 13(a), before having access to the Confidential Information, shall agree not to disclose to anyone not exempted by this Order any Confidential Information and not to make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing the Agreement to be Bound by Protective Order in the form of Exhibit A (the "Acknowledgement) attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it. Counsel shall retain in his/her file until at least the conclusion of this litigation the original of each such signed Acknowledgement.

15. For the purpose of this Order, an independent expert or consultant shall be defined as a person, who has not been and is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

16. Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who

- 6 -

1 made the designation may notify the reporter that the portion of the deposition
2 in any way pertaining to such Confidential Information or any portion of the
3 deposition relevant thereto is being taken pursuant to this Order.  Further,
4 whenever any Confidential Information is to be discussed or disclosed in a
5 deposition, any party claiming such confidentiality may exclude from the room
6 any person not entitled to receive such Confidential Information pursuant to the
7 terms of this Order.

8     17.    A receiving party who objects to the designation of any document,
9 discovery response, or deposition or other testimony as "Confidential" or
10 "Confidential-Attorneys' Eyes Only" shall state the objection by letter (or by
11 means of an electronic communication such as email) which complies with the
12 requirements of Local Rule 37-1 to counsel for the producing party.  Pursuant to
13 Local Rule 37-1, counsel for the parties shall confer within seven (7) days
14 following receipt of the letter stating the objection.  If the objection is not
15 resolved through the parties' meeting pursuant to Local Rule 37-1, the receiving
16 party may move the Court to determine whether the document, discovery
17 response or deposition or other testimony at issue qualifies for treatment as
18 "Confidential" or "Confidential-Attorneys' Eyes Only." The receiving party's
19 motion must be accompanied by a written stipulation of the parties as required
20 by Local Rule 37-2.  If the receiving party files such a motion, the document,
21 discovery response, or deposition or other testimony at issue will continue to be
22 entitled to the protections accorded by this Order until and unless the Court
23 rules otherwise.  If the receiving party files such a motion, the designating party
24 shall bear the burden of establishing that the document, discovery response or
25 deposition or other testimony at issue qualifies for treatment as "Confidential"
26 or "Confidential-Attorneys' Eyes Only."  Nothing herein shall operate as an
27 admission by any party that any particular document, discovery response, or
28 deposition or other testimony contains "Confidential" or "Confidential-

Attorneys' Eyes Only" Information for purposes of determining the merits of the claims in this litigation.

18. A party shall not be obligated to challenge the propriety of the designation of any document, discovery response or deposition or other testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge within a reasonable time. Further, a party's failure to challenge a designation during pretrial discovery shall not preclude a subsequent challenge of such designation at trial or in connection with the submission of any document, discovery response or deposition or other testimony to the Court for any purpose.

19. Notwithstanding anything contrary herein, if a party or non-party through inadvertence or mistake produces any Confidential Information without marking it with the legend "Confidential" or "Confidential-Attorneys' Eyes Only," or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the document, discovery response, or deposition or other testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked materials and not retain copies thereof, and must treat such documents, discovery responses, or deposition or other testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and

properly marked documents are supplied as provided herein.  The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

20. If, after producing documents or materials in the litigation, a producing party discovers that the documents or materials include information that is properly subject to protection under the attorney-client privilege or the attorney work product doctrine, the producing party shall promptly provide written notice to the receiving party that the documents or materials were inadvertently produced and properly subject to protection under the attorney-client privilege or the attorney work product doctrine.  Upon receiving such written notice from the producing party that privileged information or attorney work product material has been inadvertently produced, all such information, and all copies thereof, either shall be promptly returned to the producing party, or shall be destroyed and the receiving party shall promptly provide the producing party with notice that all such documents have been destroyed.  If the receiving party disagrees with the designation of any such documents or materials as privileged or otherwise protected after conferring with the producing party in good faith, the receiving party shall nonetheless return such documents or materials to the producing party as specified above, but may move the Court for production of the returned documents or materials.  The producing party shall retain all returned documents or materials for further disposition but shall make them available to the Court, if necessary, to enable the Court to decide any such motion. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for

production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

21. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

22. Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of sensitive material that is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, will be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

23. Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to

trade secrets or other confidential information claims, nor shall it relieve a party of the necessity of proper responses to discovery requests.

24. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential" or "Confidential-Attorneys' Eyes Only" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

(a) whether any particular information is or is not Confidential Information;

(b) whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(c) whether any particular information is or is not relevant to any issue in this case, provided that in doing so the party complies with the foregoing procedures.

25. The terms of the Order are applicable to Confidential Information produced by a non-party, and Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by the Order. To protect its own Confidential Information, a party may ask a non-party to execute the Acknowledgement in the form of Exhibit A.

26. Within thirty (30) days following the termination of this action, including all appeals, each party shall: (1) return to opposing counsel all documents and materials designated by the opposing party as "Confidential" or "Confidential-Attorneys' Eyes Only" and all copies of such documents and materials, and also shall destroy all abstracts, digests and analyses thereof, however stored or reproduced; or (2) destroy all documents and materials

designated by the opposing party as "Confidential" or "Confidential-Attorneys' Eyes Only" and all copies of such documents and materials, destroy all abstracts, digests and analyses thereof, however stored or reproduced, and provide certification to opposing counsel that all such documents and materials have been destroyed. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.

27. Nothing in this Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action or any other lawful request (such as one under the Patriots Act) by a governmental agency.

28. Transmission by electronic mail is acceptable for all notification purposes within this Order.

29. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit. This Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

**IT IS SO ORDERED.**

Dated: December 15, 2015

_____
Hon. John E. McDermott
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare:

1. I am employed as _____ by _____.

2. I have read the Stipulated Protective Order in *Major Communications, Inc. v. CLK Group, Inc. et al.*, Case No. 2:14-cv-06690-BRO-JEM, pending in the United States District Court for the Central District of California, and have received a copy of the Stipulated Protective Order ("Protective Order"). I hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by court order.

3. I promise that I will use any and all "Confidential" or "Confidential-Attorneys' Eyes Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential-Attorneys' Eyes Only" information with anyone other than the persons authorized in accordance with paragraphs 12-13 of the Protective Order.

5. When I have completed my assigned or legal duties relating to this litigation, I will return or destroy all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am employed or retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

6. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

- 13 -

*1*         7.      I understand that any disclosure or use of "Confidential" or
*2* "Confidential – Attorneys' Eyes Only" information in any manner contrary to
*3* the provisions of the Protective Order may subject me to sanctions for contempt
*4* of court.
*5*        I declare under penalty of perjury that the foregoing is true and correct.
*6*        Executed this \_\_\_\_\_ day of _____, 20\_\_\_ at _____.

                                  _____
                                  Signature

                                  _____
                                  Printed Name